IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

vs.                                                            Case No. 1:20-CR-01771 KWR

EUGENE SAMUEL OUZTS,

      Defendant.

## ORDER DENYING DEFENDANT'S APPEAL OF DETENTION ORDER

THIS MATTER is before the Court on Defendant's Motion to Revoke Order of Detention Pending trial, filed November 25, 2020 **(Doc. 32)**. The Court, having reviewed the parties' briefing and considered the applicable law, concludes that a hearing is not necessary to resolve the issues presented. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (explaining that the court may hold a hearing on an appeal of a detention order, but that a hearing is not required). Having conducted a *de novo* review of the record in this case, the transcript of the detention hearing, pretrial services' report and recommendation, and the parties' pleadings, the Court finds Defendant's Motion is not well taken and, therefore, is **DENIED.**

### BACKGROUND

On September 23, 2020, a grand jury returned a four-count indictment, including:

- Possession with intent to distribute 100 grams and more of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

- Using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i);

- Two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924.

The pretrial services report recommended that Defendant be detained, because no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community. **Doc. 16.** The pretrial services report noted that defendant poses a risk of nonappearance for the following reasons:

- Offense Charged and/or Defendant's conduct during arrest for instant offense
- Lack of Familial, Residential, Community, Employment, Property, and Financial Ties (not limited to the district of arrest)
- Substance Abuse History
- Criminal History Including Record of Failure to Appear
- Criminal Activity while under Supervision
- Lack of Verifiable, Legitimate Employment
- Pretrial, Probation, Parole, or Supervised Release Status and Compliance

- Unstable/unsuitable living situation.

It also noted that he posed a risk of danger to the community for the following reasons:

- Nature of Instant Offense
- Prior Arrests and Convictions
- Substance Abuse History
- Violent Behavior History
- Pretrial, Probation, Parole, or Supervised Release Status and Compliance
- History/Charge Involving Violence/Domestic Violence
- Pattern of similar criminal activity history
- Safety Concerns for the Community or a specific individual

The pretrial services report also shows an extensive criminal history, including multiple instances of battery, aggravated battery, assault, harassment, robbery, theft, domestic violence, burglary, grand theft of a motor vehicle, and possession of controlled substances. **Doc. 16.** He also has an extensive history of failing to comply with probation or terms of release, including failure to appear. *Id.*

2

On September 14, 2020, United States Magistrate Judge Kirtan Khalsa held a preliminary and detention hearing and ordered Defendant detained pending trial. **Doc. 19.** A transcript of the hearing was produced, which the Court has reviewed. **Doc. 29.** Judge Khalsa found that the rebuttable presumption arose under 18 U.S.C. § 3142(e)(3). She also found that the Government had proven (1) by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and (2) by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. **Doc. 19.**. The following reasons for detention were cited:

- Weight of evidence against the defendant is strong
- Subject to lengthy period of incarceration if convicted
- Prior criminal history
- Participating in criminal activity while on probation, parole, or supervision
- History of violence or use of weapons
- History of alcohol or substance abuse
- Prior attempts to evade law enforcement
- Prior violation of probation, parole, or supervision.

Defendant now appeals that detention order pursuant to § 3145(b), asserting that he suffers from several underlying conditions, including HIV, and asserts he suffers from an increased risk from COVID-19. Defendant asserts that HIV has rendered him immunocompromised. In his appeal of the detention order Defendant did not rebut the pretrial services report or point out errors. Rather, Defendant's argument focuses on his medical condition and the risk posed by COVID-19.

Defendant requests he be placed on home confinement with his wife and daughter and GPS monitoring.

## LEGAL STANDARD

Defendant appeals Judge Khalsa's detention order under § 3145(b). "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will

reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1).  "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

A district judge may order release or revoke a detention order under § 3145.  The Court reviews the detention order *de novo*.  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). Moreover, the Court may consider the evidence before the magistrate judge and may also consider new evidence presented by the parties.  *Id.* at 617.

As to an appeal of a detention order, "[a] district court conducts a de novo review of [the] detention order, [] but there is no statutory requirement that the court hold a hearing."  *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (citation omitted) *citing United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).

## **DISCUSSION**

Defendant appeals Judge Khalsa's detention order under 18 U.S.C. § 3145.  Defendant asserts that he should be released because he has underlying conditions and he faces increased risk from COVID-19 in a group setting.  The § 3142(g) factors weigh heavily towards finding by a

preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that he is a danger to the community. Moreover, no proposed condition or combination of conditions can reasonably assure the safety of the community or his appearance.

### A. <u>Presumption of Detention was not rebutted.</u>

Defendant admits that the rebuttable presumption arises here. Because of the charges in this case, Congress has imposed a rebuttable presumption that no combination of conditions for release will adequately assure the attendance of the defendant at future court proceedings or assure the safety of the community. 18 U.S.C. § 3142(e)(3). Defendant argues that he has rebutted the presumption given his underlying conditions, COVID 19, and by agreeing to the following conditions: home confinement and GPS monitoring. The Court doubts that the risk of COVID-19 and the proposed home confinement conditions are sufficient to rebut the presumption. Even if Defendant did rebut the presumption, weighing the § 3142(g) factors, the Court concludes that Defendant should remain detained.

### B. <u>Nature and Circumstances of Crime Charged.</u>

Section 3142(g)(1) instructs the Court consider "the nature and circumstances of the offense charged, including whether the offense… involves a controlled substance [or] firearm." The charges in this case involve both. Defendant is charged with two counts of felon in possession, possession with intent to distribute heroin, and using and carrying a firearm during or in relation to a drug crime.

On August 23, 2020, Defendant was being investigated for aggravated assault. Defendant was seen with a firearm and pulled over. Defendant admitted to officers he was a convicted felon and possessed a firearm in the vehicle. The vehicle was sealed and impounded. On August 30,

2020, law enforcement obtained a search warrant and searched the vehicle. A loaded firearm was found along with three baggies containing heroin.

While the vehicle was impounded, Defendant attempted to bribe employees of the impound lot in order to retrieve the illegal drugs and firearm. On August 31, 2020, a DEA special agent posed as an impound lot employee and told the defendant he got the items out of the vehicle. The undercover agent agreed to meet defendant the following day, and give him the drugs and firearm in exchange for $1,000. Defendant arrived in a Chevy Trailblazer at the agreed upon location for the exchange and was arrested. A second firearm was found in the Chevy Trailblazer. Defendant allegedly told agents that the intended to shoot the undercover agent and did not intend to pay the $1,000.

Defendant faces a lengthy period of incarceration if convicted.

This factor weighs toward finding he is a flight risk and danger to the community.

### C. **Weight of the Evidence.**

For the reasons stated by the Government, the weight of the evidence is strong. At the preliminary and detention hearing, a DEA Special Agent testified. **Doc. 29**. The special agent testified that Defendant made several admissions. Therefore, the strength of the evidence against the Defendant weighs in favor of finding that he is a danger to the community and a flight risk.

### D. **Defendant's history and characteristics.**

The third factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A).

It is clear from Defendant's history and characteristics that no conditions of release can ensure the safety of the community or his appearance. As recited in detail in the background section, Defendant has a lengthy criminal history which includes violent crimes, repeated probation or release violations, and failures to appear. Defendant argues that his last crime occurred six years ago. Nevertheless, his history indicates he would not be successful on home confinement.

The Court must also consider Defendant's "physical and mental health." 18 U.S.C. § 3142(g)(3)(A). Defendant suffers from HIV and complications from a 2016 gunshot wound, which has required several surgeries. Although Defendant has HIV, the Court finds that this does not tend to show that he is any less of a flight risk or danger to the community. Defendant previously suffered from heroin addiction and seeks counseling and treatment.

Defendant has previously traveled to Mexico to visit family.

Defendant's history and characteristics strongly weigh toward finding he is a danger to the community and a flight risk.

### E.  Danger to Community.

The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

> the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....

S.Rep. at 12-13, 1984 U.S. Code Cong. & Adm. News, 3195, *cited in United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020). As explained above and in the background section, Defendant poses, by clear and convincing evidence, a danger to the

community if released.  Defendant's repeated crimes, violations of conditions of release, and failures to appear all overwhelmingly indicate that he is a danger to the community.

### F. <u>Conditions of release will not reasonably assure safety of the community</u>.

Generally, a defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Begay,* 315 Fed.Appx. 53, 54 (10th Cir. 2009).

Defendant requests home confinement with his wife and daughter and GPS monitoring. Given Defendant's numerous probation and release violations, criminal history, and failures to appear, the Court doubts that any condition or combination of conditions of release could reasonably assure the safety of the community or Defendant's appearance, especially if he is placed on home confinement.

Therefore, the Court finds by clear and convincing evidence that Defendant is a danger to the community and by a preponderance of the evidence that he is a flight risk, and no combination of conditions of release could reasonably assure his appearance or the safety of the community.

### CONCLUSION

The Court finds Defendant's appeal of his detention order under § 3145 unpersuasive, for the reasons stated above. Weighing the § 3142(g) factors together, the Court concludes that Defendant is a danger to the community by clear and convincing evidence, and that no conditions of release could reasonably assure the safety the of the community.  Moreover, the Court finds by a preponderance of the evidence that Defendant is a flight risk and no combination of conditions can reasonably assure his appearance.

**IT IS THEREFORE ORDERED** that the Defendant's Appeal of Detention Order **(Doc. 32)** is hereby **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE